No. 360

CLEVE. RY. CO. v. HALTERMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Oct. 26, 1926

301. CONTRIBUTORY NEGLIGENCE — To constitute contributory negligence it is necessary that the act of negligence be the proximate cause of the injury.

465. ERROR—In personal injury case where plaintiff is injured by tripping over street car rails, repeated reference to the fact that the condition causing the injury had been remedied without introduction of this fact by defendant, is error prejudicial to defendant.

SULLIVAN, J.

Mary Halterman sued the Cleveland Railway Co. in the Cleveland Municipal Court to recover for personal injuries alleged to have been received by reason of her tripping over some raised rails of the company while she was transferring from one street car to another. The lower court found for Halterman and the company brings error alleging as its grounds the following:—that the testimony showed clearly contributory negligence upon the part of Halterman which would bar a recovery, the company relying on certain testimony of Halterman to the effect that she was not looking where she was going. The Court of Appeals held:

1. We do not think that this fact makes a case of contributory negligence in law, because it must be taken into consideration in connection with all the other facts and circumstances appearing in the record, and thus the jury could determine under the instructions of the court, whether Halterman was defeated in her right to recover.

2. To constitute contributory negligence, it is necessary that the act of negligence be the proximate cause of the injury and when the injury is caused from some agency the result of which could not readily have been foreseen, the contributory negligence is too remote to set up as a bar to the action.

3. However, there is error prejudicial to the company. Subsequent to the injury complained of there was substantial reconstruction of the passageway for the transfer of the passengers which resulted in the reducing of the projecting rails.

4. The question of this reconstruction was submitted time and time again to the jury over the objection and exception of the Company. It was claimed that a photograph introduced by the company was the basis of these questions, but this is not true and they were original and substantive interrogatories.

5. If there had been a slight reference to the change, it might be that we could say that substantial justice had been done, but because of the repeated reference thereto, it is plain that the company suffered prejudicial error.

Judgment reversed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Squire, Sanders & Dempsey for Company; Joseph B. Keenan for Halterman; all of Cleveland.